UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OM SHRI AGASI MATTA LLC d/b/a Hampton Inn, and JAHYESH PATEL,<br>    Plaintiffs,<br><br>v.<br><br>HC ADVISORS and<br>KAZ YAMADA,<br>    Defendants. | Civ. Act. No. 12-40123-TSH |

**DECISION ON MOTION FOR ENTRY OF JUDGMENT AND FOR ASSESSMENT OF DAMAGES  (Docket No. 24)**
December 9, 2013

**HILLMAN, D.J.,**

### Background

On October 15, 2012, Om Shri Agasi Mata LLC d/b/a Hampton Inn LLC ("Hampton") and Jayesh Patel ("Patel") filed suit against HC Advisors ("HC") and Kaz Yamada ("Yamada") alleging claims for breach of contract (Count I), Misrepresentation (Count II), Fraud (Count III) and violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A, §§ 1, 22 ("Chapter 93A").  Specifically, Plaintiffs allege that Defendants: failed to perform their obligations under a contract entered into with the Plaintiffs to complete renovations at the Hampton Inn in Auburn, Massachusetts: made false representations to the Plaintiffs to extract payments from them: and entered into said contract without any intention of completing their obligations thereunder.  Plaintiffs seek to be compensated for their losses and request that the Court award them costs and interest.  Furthermore, Plaintiffs assert that the Defendants actions

constituted unfair and deceptive acts and practices in violation of Chapter 93A and therefore, they are entitled to treble damages and attorney's fees.

HC was served on December 18, 2012 via certified mail and was required to answer by January 8, 2013; Yamada was served on December 18, 2012 and was required to answer by January 8, 2013.[1] To date, neither Defendant has filed an Answer or otherwise appeared in the case. On February 15, 2013, the Clerk of the Court entered Default against Defendants (Docket No. 11) and the Court entered its Standing Order on motions for default judgment (Docket No. 12). The Standing Order provides that Plaintiffs shall file a Motion for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b) within 30 days. After filing for multiple extensions, which were allowed by the Court, on May 28, 2013, Plaintiffs filed their Motion for Entry of Judgment and for Assessment of Damages (Docket No. 24). This Decision addresses that motion.

## Discussion

### *Default Judgment Shall Enter*

The Court has reviewed Plaintiffs' Complaint which requests money damages, interest and costs. The Defendants, as defaulting parties, are "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). The Court has also reviewed Plaintiffs' motion for entry of default judgment and accompanying affidavits. The Court is satisfied that the allegations are sufficient to support the entry of default judgment and

---

[1] Plaintiffs served a copy of the Summons and Complaint on HC by certified mail, return receipt requested; "K Yamada" signed the return receipt on December 18th. Plaintiffs served a copy of the Complaint on "Mr. Yaz Kamada [sic]" by certified mail; "K Yamada" signed the return receipt on December 18th. *See* Docket Nos. 6 and 8. Although Defendant Yamada's name was misspelled on the summons, he is the person who acknowledged receipt and therefore, on the face, service appears to have been proper.

more particularly, that Defendants are neither infants, nor incompetent, nor in military service of the United States, and that Defendants caused Plaintiffs' damages and owe any costs incurred.

*Assessment of Damages*

Plaintiffs requested damages in the amount of $143,508.62.  This Court's rules provide that where a plaintiff's claim is for a sum certain or can be determined by calculation, judgment may be entered against the defendant(s) by the clerk upon application, with an affidavit showing the amount due.  Fed.R.Civ.P. 55(b)(1).  Otherwise, the plaintiff must seek court approval for a default judgment.  Where the defendant has appeared personally or by representative, such plaintiff/representative must be served with notice of the hearing seven days prior thereto.  *Id.* at 55(b)(2).  The court is permitted to conduct hearing in order to determine the amount of damages.  *Id.*

The Defendants have filed an affidavit in support of their request for assessment of damages, *see Aff. Of Jayesh Patel In Sup. Of Pls' Mot. For Assessment of Damages* (Docket No. 25)("*Patel Aff.*"), and an affidavit in support of their request for attorney's fees, *see Aff. Of Robert D. Loventhal Regarding Legal Fees* (Docket No. 32).  Attached to the Complaint is a copy of the construction renovation contract between HCA Advisors and Plaintiffs.  *See Complaint*, at *Ex. 1* ("Contract").  A hearing was held on October 30, 2013 at which counsel for the Plaintiffs appeared and argued in support of their entry of judgment against the Defendants in the amount of $143,508.62 plus attorney's fees.  Defendants, who have not filed an appearance, were not present at the hearing.

Based on the record before me, I find that the Plaintiffs have established that they have incurred damages in the amount of $75,155.19 calculated as follows, using Plaintiffs' figure of $143,508.62 as a starting point[2]:

1. + $4,635.57 for bathroom renovations; Plaintiffs listed this excess cost in their affidavit, but did not include it in their final figure;

2. -$20,050.00 for HCA; Plaintiffs list the Contract price as zero and therefore, it appears that this item was additional work not originally included in the Contract;

3. - $13,259.00 Promissory Note-General Carpentry; Plaintiffs list the Contract price as zero. In support, they have included a copy of a promissory note from Yamada to a general contractor in the amount of $13.259.00, however, they have not provided an explanation as to why they are entitled to be reimbursed for this amount; and

4. -19,680.00 for Installation of new FF&E Package; Plaintiffs list the Contract price as zero and therefore, it appears that this item was additional work not originally included in the Contract.

Accordingly, I find that the Plaintiff's have established that they are entitled to recover total damages in the amount of $75,155.19.

*Attorney's Fees And Costs*

Pursuant to Chapter 93A, if the Court finds that there has been a violation of thereof, the plaintiff "shall ... be awarded reasonable attorney's fees and costs incurred in connection with said action." *See* Mass.Gen.L. Ch. 93A, § 9(4). The amount of a reasonable attorney's fee awarded is within the Court's discretion, after considering the following factors: (1) the nature of the case and issues presented; (2) the time and labor required; (3) the experience, reputation and ability of the attorney; and (4) the usual price charged for similar services. *Pizzo v. Gambee*, 810 F.Supp.2d 345, 347 (D.Mass. 2011).

---

[2] Except as noted below, I find the damages requested by the Plaintiffs to be fully supported by the record.

With respect to their claim for violation of Chapter 93A, Plaintiffs asserted in their Complaint that Defendants' violations were willful and knowing and therefore, treble damages should be assessed. Based on the record before me, taken in a light most favorable to the Plaintiffs, I do find that the Defendants' engaged in unfair and deceptive acts in practices, in violation of Chapter 93A and that such conduct was knowing and willful. *Accord Id.* (default entered against defendant established a violation of Chapter 93A) . Although I do not find that multiple damages are warranted, I am awarding attorney's fees to the Plaintiffs.  I further find that considering the aforementioned factors, the amount of attorney's fees sought by the Plaintiffs, $9,450.00, is fully supported and reasonable.

As noted above, Chapter 93A also provides that costs may be assessed to the prevailing party. *See also* Fed.R.Civ.P. 54(d)(1)(costs "should be allowed to the prevailing party"). I find that the Plaintiffs are entitled to costs.   Therefore, they may file a timely motion to amend the judgment setting forth a detailed summary of those costs as to which they are entitled.

## Conclusion

Motion for Entry of Judgment and for Assessment of Damages (Docket No. 24) is *granted*.  The Clerk shall enter the Default Judgment in favor of the Plaintiffs.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**United States District Judge**